THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV476-MU

WENDELL COOPER,

             Plaintiff,

      v.                                                          **<u>ORDER</u>**

CHARLOTTE-MECKLENBURG BOARD
OF EDUCATION,

             Defendant.

THIS MATTER is before the Court upon Defendant's Motion for Summary Judgment
(Document 10).  Plaintiff Wendall Cooper brings this suit pursuant to Title VII of the Civil
Rights Act of 1967 42 U.S.C. 2000e et. seq., against Defendant Charlotte-Mecklenburg Board of
Education seeking damages for retaliation.

The Court finds that there is no genuine issue of material fact upon which the Plainitff
can base his claim, and the case can be decided as a matter of law.  Plaintiff has failed to meet the
requirements for a prima facie case of retaliation.  Accordingly, Defendant's motion for summary
judgment is GRANTED.

I.  FACTUAL FINDINGS

Plaintiff Wendell Cooper ("Mr. Cooper") was employed by Defendant Charlotte-
Mecklenburg Board of Education ("the Board") as an assistant principal from February 2000
until June 2002.  During that period, Mr. Cooper worked at both West Mecklenburg High

School and Berryhill Elementary.  Mr. Cooper's employment contract ended in June 2002, and the Board chose not to renew Mr. Cooper's contract.

Superintendent Eric Smith notified Mr. Cooper of the decision in a letter dated April 29, 2002.  The Board then conducted a hearing on Smith's recommendation, and in a written decision, upheld that recommendation.

Following the Board's decision not to renew Mr. Cooper's contract, he filed Title VII charges of discrimination with the EEOC, which issued him a "right to sue" letter.  Mr. Cooper filed two lawsuits challenging the reasons for his non-renewal and claiming that the Board's actions were retaliative.  The initial action, a Petition for Judicial Review and Complaint, was filed in Mecklenburg County Superior Court in June 2002.  The Superior Court denied and dismissed Mr. Cooper's Petition, finding in part that his performance at West Mecklenburg High School and Berryhill Elementary were not acceptable.  The court concluded that the Board's reasons for not renewing Mr. Cooper's contract were not "arbitrary, capricious, discriminatory, personal, or political."  Defendant's Exhibit 4.

Mr. Cooper filed a second lawsuit in February 2003, which was removed to federal court. The complaint asserted four claims for relief: 1) violation of Title VII, 2) hostile work environment, 3) retaliation, and 4) defamation.  The court granted summary judgment to the Board on all claims based on claim and issue preclusion, holding that the state court had already found that the Board's decision was based on Mr. Cooper's poor performance and not discrimination.

After the second lawsuit, Mr. Cooper unsuccessfully applied for numerous positions in North and South Carolina.  After one of those interviews in 2005, Mr. Cooper wrote to his interviewer, Ms. Kathie Greer, to get feedback as to why he was not hired.  Ms. Greer, of the

Richland One School District in South Carolina, responded that when she called the Charlotte-Mecklenburg schools ("CMS") to ask about the non-renewal of Mr. Cooper's contract, no one would discuss it with her. She noted that the refusal to discuss the decision was "not a good sign." Greer aff. ¶ 6.

Feeling that the Charlotte school's refusal to give potential employers information about his work was the reason he had been unable to find employment, Mr.Cooper filed his second charge with the EEOC in July 2005, this time for the retaliatory refusal to provide job references. The EEOC issued a right to sue letter in August, and Mr. Cooper filed the instant lawsuit on November 10, 2005. In his complaint, Mr. Cooper repeats the allegations in the 2005 EEOC charge: that he was denied employment due to the Board's refusal to provide a reference and sending negative messages to the potential employer, and the Board's behavior with respect to the other school systems was in retaliation for Mr. Mr. Cooper's earlier complaints of discrimination.


II. ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party may not rest on his pleadings, but must demonstrate that specific material facts give rise to a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). When considering a motion for summary judgment, a district court views the record in the light most favorable to the nonmoving party. See Clark v. Alexander, 85 F.3d 146, 150 (4th Cir. 1996).

A) Retaliation

　　　In order to prevail on his Title VII claim of retaliation, Mr. Cooper must show that 1) he engaged in protected activity; 2) his employer took an adverse employment action against him; and 3) a causal connection existed between the protected activity and the asserted adverse employment action.  See Kings v. Rumsfeld, 328 F.3d 145, 150-51(4th Cir. 2003).  In this case, Mr. Cooper fails to present a prima facie case for retaliation because he cannot  fulfill either the second or third prong of the Title VII standard.

　　　　　　　a) Adverse employment action

　　　Mr. Cooper presents no evidence that the Board either provided a negative reference or that they failed to provide a reference in a situation where providing such a reference would be customary, either of which could be taken as an adverse employment action.  There is no evidence that any of Mr. Cooper's job prospects, other than the Richland County One School District, even contacted CMS, let alone that they received negative references.

　　　The only evidence of a prospective employer contacting Mr. Cooper's former employer was Ms. Greer, of the Richland schools.  Ms. Greer cites the fact that she could not get information about Mr. Cooper's performance as a reason for not hiring him.  Failing to give a reference, when such an action is the common practice of the employer, is not an adverse employer action.  Gibson v. Old Town Trolley Tours of Washington, D.C., Inc., 160 F.3d 177 (4th Cir. 1998)   The Board, through the presented affidavits, has demonstrated that the school system policy does not allow a practice of commenting on why administrators left or their job performance.  Thus, the fact that Ms. Greer was unable to get any comments about Mr. Cooper's time at CMS does not indicate that he was treated in a retaliatory manner or even a manner different from any other former employee.

b) <u>causal connection between protected activity and employment action</u>

In order to show such a connection, Mr. Cooper would have to show that 1) the person who received the request for a reference had knowledge of the plaintiff's prior alleged complaints; and 2) the defendant harbored a discriminatory or retaliatory intent towards the plaintiff when it failed to provide a reference. <u>Gibson</u>, 160 F.3d at 181-82.

Here, as stated above, there is no evidence that any of Mr. Cooper's prospective employers (besides Ms. Greer) ever contacted CMS. In the one instance where a prospective employer did contact CMS, there is certainly no indication of anyone's intent in responding or failing to respond to such an inquiry.

Since there is no proof of intent in the one instance where the defendant was contacted about Mr. Cooper's behavior, plaintiff fails to establish the causal relationship necessary for a prima facie case of retaliation.

THEREFORE IT IS ORDERED that Defendant's Motion for Summary Judgment be GRANTED and this matter is dismissed with prejudice.

Signed: February 22, 2007

Graham C. Mullen
United States District Judge